**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **CLAY LANDIS RIGGS** | **CIVIL ACTION NO. 3:17-CV-473** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CRAWFORD JORDAN, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the court is the civil rights complaint (42 U.S.C. §1983) of *pro se* plaintiff Clay Landis Riggs, filed *in forma pauperis* on March 28, 2017. Riggs is a pre-trial detainee at the Jackson Parish Correctional Center, Jonesboro, Louisiana. Plaintiff names the following as his defendants: (1) Crawford Jordan; (2) Winn Parish Sheriffs Department; (3) Jackson Parish Correctional Center; (4) Herman Casstete; (5) Keith Gates; (6) State of Louisiana; (7) 8th Judicial District court; (8) Judge 8th Judicial District6 Court; (9) Timmy Ducote; (10) Robert Bannon; (11) Jeremy Underwood; (12) Judge Derr; (13) Steven D. Crews; and (14) R. Christopher Nevils.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff complains that while housed at the Jonesboro Correctional Center, he requested indigent stamps and envelopes but was told inmates must wait 90 days before receiving indigent mail supply.

Plaintiff raises numerous claims related to his confinement at the Jackson Parish Correctional Center (JPCC). He alleges that despite requesting legal material, he was told that pretrial inmates

1

cannot receive any legal assistance or legal material at JPCC.

He claims that there are jurisdictional issues related to the incarceration of his natural body, as there has been no answering of his Affidavit of Denial of Corporate Existence filed in the 8th Judicial District Clerk of Court, nor could a sworn statement to proceed under common law jurisdiction be produced by the State's Attorney, Judge, Sheriff's Department or United States Forestry Department.

Plaintiff also contends that JPCC inmate banking refused to provide account information necessary to proceed in forma pauperis in this court.

Plaintiff asserts that Sheriff Crawford Jordan has stolen personal property from plaintiff, including a 1998 F250 4x4, a 2013 Harley Davidson motorcycle and a 1985 3-wheeler.

Moreover he argues that he is currently being subjected to "wrongful incarceration by fraud."

In his Supplemental Complaint [Rec. Doc. 12], he makes allegations that Winn Parish attorneys Justin Keith Gates and Herman Casette were ineffective in their representation of plaintiff. He also names Steven D. Crews and R. Christopher Nevils, members of the Louisiana State Bar, as defendants, but provides no details regarding his claims against them.

Plaintiff prays for compensatory damages, the return of his personal property and a restraining order to prevent retaliation.

### *Amend Order*

### *1. Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as a defendant. This conclusion must be

2

supported by specific factual allegations stating the following:

(1)  the name(s) of <u>each person</u>  who allegedly violated plaintiff's constitutional rights;

(2)  a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>;

(3)  the place and date(s)that each event occurred; and

(4)  a description of the <u>alleged injury</u> sustained as a result of the alleged violation.

Plaintiff has alleged no specific fault on the part of named defendants **Robert Bannon** or **Jeremy Underwood**.  He should therefore amend his complaint to provide the details required by the jurisprudence interpretative of Rule 8.

## 2.     *Defendants*

### A.     *Winn Parish Sheriff's Department*

A Louisiana parish sheriff's office is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D.La.2009); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).  Accordingly, the Winn Parish Sheriff's Department should be dismissed.

### B.     *Jackson Parish Correctional Center*

Plaintiff sued the JPCC.  Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the the JPCC has the capacity to be sued in this action.  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation

or partnership." La. Civ.Code Ann. art. 24.  The JPCC is not a juridical person and therefore, plaintiff should amend his complaint to dismiss this defendant.

### C.      Herman Casstete, Justin Keith Gates, Steven D. Crews, R. Christopher Nevils

Plaintiff names Herman Casstete, his court appointed attorney, Justin Keith Gates, his court appointed attorney whom he also alleges was employed by the district attorney's office, Steven D. Crews, Bar # 01797, and state's attorney R. Christopher Nevils, Bar # 24179.

Section 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983. *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir.1972), cert. denied, 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973). As a matter of law, the acts of an individual's attorney in representing a criminal defendant do not constitute the necessary "state action" for a viable claim under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981).  Plaintiff should dismiss any attorney named herein who was appointed by the court to represent him in any criminal proceedings.

With respect to those attorneys in the district attorney's office, claims against those attorneys should be dismissed as well.  A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).  Plaintiff's claims against attorneys in the district attorney's office are apparently based on their role as prosecutors. If the conduct complained of was taken in these defendants' roles as the State's advocate, they are entitled to

absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

### D.      *State of Louisiana*

Plaintiff names the State of Louisiana as a defendant herein. However, the state is not a "person" within the meaning of 42 U.S.C. § 1983. *Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir.2007); *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 (1981). Furthermore, any § 1983 claim against the state is also barred by the Eleventh Amendment. U.S. Const. amend. XI; *Rodriguez v. Texas Commission on the Arts*, 199 F.3d 279, 280 (5th Cir.2000) ("Citizens may not bring suit against a state or any instrumentality thereof without the state's consent. The Eleventh Amendment also bars lawsuits against a state agency if the agency is so closely connected to the state that the state itself is the party in interest. *See Vogt v. Board of Comm'rs of the Orleans Levee District*, 294 F.3d 684 (5th Cir.2002). This defendant should be dismissed.

### E.      *8th Judicial District Court and Judge 8th Judicial District Court, Judge Derr*

Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As claims against these defendants meet this criteria, these defendants should be dismissed.

*F.*     *Warden Crawford Jordan*

Plaintiff has sued Warden Crawford Jordan.  Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).  In other words, to the extent that plaintiff seeks to name this supervisory official as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

*3.*     *Claims*

*A.*     *Indigent Stamps*

Plaintiff complains that while incarcerated at the Jonesboro Correctional Center, he requested indigent stamps and envelopes but was told inmates must wait 90 days before receiving indigent mail supply.  Plaintiff has not alleged whether the mail supplies he requested is for legal or non-legal mail.  With respect to non-legal mail, his claim would fail because an inmate simply "does not have a freestanding constitutional right to free postage." *Walker v. Davis*, 533 Fed. App'x 471 (5th Cir.2013), cert. denied, 134 S.Ct. 643 (2013); accord *Lee v. Perry*, No. 93–4291, 1993 WL 185752 (5th Cir. May 19, 1993).

That general rule, however, does not apply to legal mail.  Because inmates have a recognized

6

right of access to the courts, indigent inmates must be provided with postage for the purpose of

sending legal mail.  As the Supreme Court noted in *Bounds v. Smith,* 430 U.S. 817, 824–25 (1977):

"[O]ur decisions have consistently required States to shoulder affirmative obligations to assure all

prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided

at state expense with paper and pen to draft legal documents with notarial services to authenticate

them, and with *stamps to mail them*." *Id.* at 824–25 (emphasis added).  Reflecting on the foregoing

language, the United States Second Circuit Court of Appeals has nevertheless noted that the right

has limitations:

> In its opinion in *Bounds*, the Court also stated that "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents ... and with stamps to mail them." 430 U.S. at 824–25, 97 S.Ct. at 1496. Although this statement itself was unqualified, we do not read it as requiring that the indigent inmate be provided unlimited free postage, but only that he not be denied "a reasonably adequate" (*Id*. at 825, 97 S.Ct. at 1496) amount of postage to present his claimed violations of fundamental constitutional rights to the courts. Accord *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir.1978) (per curiam); *Guajardo v. Estelle*, 580 F.2d 748, 762–63 (5th Cir.1978); *Bach v. Coughlin*, 508 F.2d [303,] 307 [7th Cir.1974) ]. Thus, a state is entitled to adopt reasonable postage regulations in light of, for example, prison budgetary considerations. *Id.* at 307–08; cf. *Bounds v. Smith*, 430 U.S. at 825, 97 S.Ct. at 1496 (Court's determination that adequate library facilities must be provided was "not to say that economic factors may not be considered ... in choosing the methods used to provide meaningful access").

*Chandler v. Coughlin*, 763 F.2d 110, 114 (2nd Cir.1985); accord *Myers v. Hundley*, 101 F.3d 542,

544 (8th Cir.1996) ("Inmates do not have a right ... to unlimited stamp allowances for legal mail.

Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access

to the courts.").

Plaintiff should amend to assert whether he intends to name the Jonesboro Correctional

Center, or a prison official, as a defendant.  Further, he should state whether claims he requested

stamps and envelopes for legal or non-legal mail.  He should provide additional information regarding the number of stamps and envelopes he has requested, from whom they were requested, who denied his request, the dates requested, the number received and the dates they were received. Finally, he should provide the dates during which he was incarcerated at the Jonesboro Correctional Center.

### B.    Legal Assistance

Plaintiff contends that he has been denied legal assistance.  Prisoners have a constitutionally recognized  right of access to the courts.  *Bounds v. Smith,* 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).  This right "'is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.'" *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir.1993) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1979)).  It is also an "aspect of the First Amendment right to petition the government for grievances." *Id.* at 820-21.  The right includes either "adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.  The right does not guarantee any "particular methodology but rather the conferral of a capability — the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. See *id.; Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced

as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). The *Lewis* Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner, nor the healthy prisoner, have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. 518 U.S. at 351. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

Plaintiff should amend his complaint to identify any motions that he was unable to file or any nonfrivolous claim that he was unable to pursue. He should amend to allege any facts that amount to a denial of his constitutional right to access to courts that hindered his ability to file a nonfrivolous claim. He should also amend to state whether he has a court appointed attorney in his defense in his criminal trial and, if not, whether he rejected the court's appointment of same.

### C.   *Inmate Banking*

Plaintiff alleges that inmate banking at JPCC refused to provide his account information to

this Court so that he may proceed in forma pauperis.  On May 22, 2017, the requested account information was filed into the record [Rec. Doc. 9] and on May 24, 2017, this Court granted pauper status to plaintiff.  Accordingly, this claim is MOOT and should be dismissed.

### D. Stolen Personal Property

Plaintiff asserts that Sheriff Crawford Jordan has stolen personal property from plaintiff, including a 1998 F250 4x4, a 2013 Harley Davidson motorcycle and  a 1985 3-wheeler.  Neither negligent nor intentional deprivations of property by state officials rise to the level of due process violations if state law provides adequate post-deprivation.  *Walker v. Jackson Parish Dist. Atty.'s Office*, 2015 U.S. Dist. LEXIS 25943, 2015 WL 920723 (W.D. La. Mar. 3, 2015) (citing *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L. Ed. 2d 393 (1984)).  The burden is on the plaintiff to show that the remedy is not adequate.  *Id.* (citing *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984)).  Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property.  *Id.* (citing *Hutchinson v. Prudhomme*, 79 Fed. App'x 54, 55 (5th Cir. 2003); *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994)).  "[T]he Fifth Circuit has ruled that plaintiffs seeking to redress intentional deprivations of property by state actors must assert such claims as state law tort claims." *Id.* (quoting *Robertson v. Town of Farmerville*, 830 F.Supp. 2d 183, 192 (W.D. La. 2011)).  Accordingly, plaintiff must dismiss this claim and  assert any claim against this stemming from the alleged theft of his personal property as a state law tort claim

### E. Habeas Corpus Relief

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it appears that in addition to money damages, he seeks his immediate release from custody, arguing

there is no jurisdiction to keep him incarcerated.  Thus, to the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim should dismissed and raised properly via a petition for writ of habeas corpus.

### F.      Restraining Order/Retaliation

Finally, plaintiff seeks a restraining order to prevent retaliation; however, he has not alleged that any acts purporting to be retaliatory in nature have been committed by the defendants.  To prevail on the claim for retaliation under Section 1983, a civil rights plaintiff must prove (1) the exercise of a specific constitutional right; (2) the defendants' intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation, which, in this context means that, but for the retaliatory motive, the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 2331 (5th Cir.1998). The prisoner must produce direct evidence of motivation, or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly

inferred. *Woods v. Smith*, 60 F.3d 1161 (5th Cir.1995).  The plaintiff must allege more than just his personal belief that he is the victim of retaliation.  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1999).

Plaintiff should amend in accordance with the above.

Before this court determines the proper disposition of plaintiff's complaint, plaintiff should be given the opportunity to remedy the deficiencies identified above.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Therefore,

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies  as outlined above.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Plaintiff is further required to notify the Court of any change in his address under Local Rule 41.3.

In Chambers, Monroe , Louisiana, September 8, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**