**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **CLAY LANDIS RIGGS** | **CIVIL ACTION NO. 3:17-CV-473** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CRAWFORD JORDAN, ET AL.** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

*Pro se* petitioner Clay Landis Riggs, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 28, 2017, while incarcerated at the Jackson Parish Correctional Center Phase I in Jonesboro, Louisiana.  His original and supplemental complaints made numerous allegations of violations of his constitutional rights against various defendants.  All claims against all defendants, other than Lt. Kelley, Sgt. Williams and Capt. Stewart have been addressed in a separate Report and Recommendation.  The claims of excessive force and retaliation against these defendants only are the subject of this Order.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

***Statement of the Case***

On October 6, 2017, plaintiff filed an Amended Complaint, pursuant to which he asserts that he sustained blunt trauma to his eyes due to retaliation for filing the instant complaint.  [Rec. Doc. 22] Plaintiff alleges that on September 15, 201, Lt. Kelly, Sgt. Williams and Capt. Stewart entered L Dorm at JPCC after he requested to speak with Warden Ducote.  Plaintiff asserts that he was standing in his bunk area with bond hands raised above his head "in a non threatening manner," when he was approached by the prison officials and shot in the eyes with a G9 Mace Gun, "paint

ball gun," by Capt. Stewart.  *Id.* at p. 2.  He received medical treatment, but alleges that his eyes

have still not healed and he suffers from pain and blurriness.

### ORDER

To determine an appropriate resolution of plaintiff's complaint,

**THE CLERK IS DIRECTED** to serve a copy of this memorandum order, two (2)

summons forms for **EACH** Defendant:

**(1) Lt. Kelley;**
**(2) Sgt. Williams; and**
**(3) Capt. Stewart**

and one (1)  USM-285 form for **EACH** Defendant, upon Plaintiff at his last known address who
must then furnish to the

**Clerk of Court**
**201 Jackson Street**
**Monroe, Louisiana 71210-1148**

within thirty (30) days after service of this order, one (1) copy of the original complaint filed on May

12, 2017 [Rec. Doc. 6], one (1) copy of the supplemental complaint filed on October 6, 2017 [Rec.

Doc. 22], two (2) completed summonses, and one (1) completed USM-285 form for **EACH**

Defendant for service, and that after the foregoing documents have been furnished as aforesaid;

**THE CLERK FURTHER IS DIRECTED** to serve, through the U.S. Marshal, a copy of

the complaint and supplemental complaint, the appropriate summons, and a copy of this

memorandum order on **EACH** Defendant  named above.

**IT IS ORDERED** that Defendant file a response within twenty-one (21) days after the date

of service.  Defendant shall address whether plaintiff should be required to exhaust administrative

remedies, and, if so, whether he has exhausted his administrative remedies prior to filing herein.  If

Defendant contends that plaintiff failed to exhaust administrative remedies, he is authorized to raise this issue via summary judgment motion as a threshold matter. *See Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Alternatively, if disputed facts preclude Defendant from filing a summary judgment, Defendant may file a motion for an evidentiary hearing to resolve the exhaustion issue before the case proceeds to the merits.

**IT IS FURTHER ORDERED** that the following deadlines be established:

1. Within twenty-one (21) days of Defendants' first appearance (filing of an answer or motion), or within thirty (30) days after service of the summons and complaint if Defendant(s) have made no appearance, Defendants or their counsel shall provide to plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession. *See* Fed.R.Civ.P. 26(a)(1). Defendants or their counsel shall contemporaneously file a copy of these documents under seal with the court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met. If plaintiff is not in receipt of these documents within the prescribed time period, plaintiff may file with the court a motion to compel such responses from Defendant(s). Any such motion must contain a motion and memorandum in support thereof and a proposed order, separately captioned and with a certificate of service stating that a copy has been sent to Defendant(s) by mailing same, via United States mail, to Defendants' counsel.

2. Within ninety (90) days of Defendant's first appearance (filing of an answer or motion), the parties shall complete all discovery. The discovery deadline shall be suspended during the pendency of a motion for summary judgment or evidentiary hearing on the issue of exhaustion.

3. In addition to the mandatory discovery addressed in subsection (1) above, the parties may

serve upon one another additional written discovery requests; however, such additional discovery shall be limited to ten (10) interrogatories, five (5) requests for production of documents, and ten (10) requests for admissions. *See* Fed.R.Civ.P. 33, 34, & 36.

Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the court orders that all discovery requests and responses shall be filed into the record (by sending a copy of same to the Clerk of Court) in addition to being sent simultaneously to the opposing party by placing a copy of same in the United States mail addressed to that party or, where represented, to that party's counsel.

Note: *Do not file "motions for discovery," as a motion is not the correct way to obtain discovery. Pursuant to the Federal Rules of Civil Procedure, written discovery (in the form of interrogatories, requests for production of documents, and requests for admissions) should be sent directly to counsel for the opposing party for a response.*

In the event that any party believes that it needs additional discovery beyond that allowed by this order, that party shall file a motion with the court requesting such additional discovery. The motion must contain a memorandum in support of the motion, a copy of the additional discovery requested, and a proposed order, all separately captioned and with a certificate of service stating that a copy of same has been sent to the opposing side (either to plaintiff or to Defendants/Defendants' counsel) by mailing same, via United States mail, to plaintiff or to Defendants/Defendants' counsel, depending upon who filed the motion.

Any motions to compel must comply with the requirements set out above for motions and must be filed prior to the end of the discovery period.

4. Within one hundred and twenty (120) days of Defendants' first appearance, each party shall file <u>one</u> of the following:

a)      <u>Motion for Summary Judgment</u> as provided by Rule 56 of the Federal Rules of Civil Procedure, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief; or alternatively,

b)      <u>Statement of Issues</u> which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none.  This statement will be used by the court to determine the necessity for an evidentiary hearing.

Any party's failure to comply with this order may result in the imposition of sanctions against that party.

In Chambers, Monroe, Louisiana, January 4, 2018.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**