**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

CLAY LANDIS RIGGS                          CIVIL ACTION NO: 3:17-CV-00473 SEC P
   (DOC #: 217030072E9)

VERSUS                                     JUDGE ROBERT G. JAMES

CRAWFORD JORDAN, ET AL            MAGISTRATE JUDGE KAREN L. HAYES

### ANSWER TO COMPLAINT AND SUPPLEMENTAL  COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Lt. Kelley, Sgt. Williams and Captain Stewart (hereinafter referred to as "Defendants") who deny all allegations of the Complaint and Supplemental  Complaint, and all other filings and pleadings of Clay Landis Riggs (hereinafter referred to as "Riggs"), except for those allegations which are admitted, modified or explained and who, with respect, represent the following:

### FIRST DEFENSE

The Complaint and Supplemental Complaint, and all other filings and pleadings of Riggs, fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint and Supplemental Complaint, and all other filings and pleadings of Riggs, were not properly served upon Defendants.

### THIRD DEFENSE

Riggs failed to timely initiate or exhaust the Administrative Remedy Procedures and/or grievance procedure as to all of his claims.  Accordingly, Riggs cannot proceed with the suit.

**FOURTH DEFENSE**

Pursuant to a Memorandum Order and Judgment all claims and causes of actions against all Defendants, other than Lt. Kelley, Sgt. Williams and Captain Stewart, have been dismissed. [Doc. No. 25 and 29]. Accordingly, all allegations made as to all other Defendants and all other claims are not required to be answered. However, in an abundance of caution all such allegations are denied. The following is submitted in answer to the remaining claims against Lt. Kelley, Sgt. Williams and Captain Stewart.

1.

All allegations made in the Supplemental Complaint [Doc. No. 22] are denied, except for those allegations which are specifically admitted, as follows:

2.

It is admitted that on September 15, 2017, at approximately 6:45 a.m. Riggs disobeyed multiple verbal direct orders to pack his things in order to move from L Dorm to Lockdown due to Riggs' previous violations of Jackson Parish Correctional Center ("JPCC") rules.

3.

After Riggs disobeyed numerous verbal orders from multiple corrections officials and after he had again violated JPCC rules he was warned that if he continued with his actions and refusal to comply then he would be subjected to an application of JPX [chemical agent].

4.

Due to Riggs' continuing failure to comply, his disobedience and his continuing violation of JPCC rules, which actions were creating a disturbance in the dorm and presented a security risk, he received one shot of JPX in order to restore order, address the security risk and prevent any

further escalation by Riggs.

5.

Once the JPX was administered Riggs became compliant, he was handcuffed and was escorted to a shower where his eyes and body were decontaminated.

6.

After showering, Riggs was examined by the nursing staff who found no injury. Further, Riggs denied having suffered any injury.

7.

On September 20, 2017 Riggs went to disciplinary court for defiance and aggravated disobedience due to his actions on September 15, 2017, which were violations of Rules 3 and 5 of the JPCC. On September 20, 2017 Riggs plead guilty as charged.

## FIFTH DEFENSE

All actions taken by Defendants were actions taken by officials who had a reasonable, good-faith belief that their actions were legal and constitutional and thus all are entitled to qualified immunity.

## SIXTH DEFENSE

Defendants submit that, pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Riggs' guilty plea to aggravated disobedience and defiance prohibits and bars him from pursuing the claims made herein.

## SEVENTH DEFENSE

It is further submitted that Riggs' claims will be found frivolous and that he be subject to all sanctions allowed by law, including, but not limited to, 28 U.S.C. § 1915, et seq., and 42 U.S.C. §

1997, et seq.

## EIGHTH DEFENSE

Defendants aver that plaintiff's claims made under 42 U.S.C. § 1983, et seq., and the Constitution, will be determined to be unfounded and not adequately supported by facts or law; accordingly, pursuant to 42 U.S.C. § 1988, Defendants are entitled to all costs of suit, including reasonable attorney's fees.

WHEREFORE, Defendants, Lt. Kelley, Sgt. Williams and Captain Stewart, pray that:

1.    This Answer be deemed good and sufficient;

2.    After due proceedings are had, there be judgment herein dismissing the claims of Riggs, at his costs;

3.    For all costs herein, including reasonable attorney's fees;

4.    Riggs' claims be declared frivolous; and

5.    For all other just, general and equitable relief.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800
P.O. Drawer 1791
Alexandria, LA 71309-1791
P: 318/767-3133   F: 318/767-9650

ATTORNEYS FOR DEFENDANTS,
LT. KELLEY, SGT. WILLIAMS AND
CAPTAIN STEWART

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of March, 2018, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following: None

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants:

CLAY LANDIS RIGGS (DOC #: 217030072E9)
PRO SE
Jackson Parish Correctional Center
287 Industrial Drive
Jonesboro, Louisiana 71251

/s/ H. Bradford Calvit
H. BRADFORD CALVIT