**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **CLAY LANDIS RIGGS** | **CIVIL ACTION NO: 3:17-CV-00473** |
| | **SEC P** |
| | |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| | |
| **CRAWFORD JORDAN, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**RESPONSE TO ORDER TO SHOW CAUSE**
**WITH SHOW CAUSE ORDER DOC. NO. 54**

**NOW INTO COURT,** through undersigned counsel, come Defendants, Lt. Kelley, Sgt. Williams and Captain Stewart, who submit the following Response to Order to Show Cause. [Doc. No. 54].

**I. INTRODUCTION**

On May 12, 2017, Clay Riggs filed his Complaint against Sheriff Cranford Jordan, Timmy Ducote, Robert Bannon, Jeremy Underwood, Judge Jacque Derr, Steven D. Crews, R. Christopher Nevils, and the State of Louisiana alleging denial of access to legal materials and legal assistance, false imprisonment, cruel punishment, and retaliation. [Doc. No. 6]. He soon filed a Supplemental Complaint adding additional defendants on May 24, 2017. [Doc. No.12]. He filed another Supplemental Complaint on September 8, 2017 seeking restraining orders against Sheriff Jordan, all members of the Winn Parish Sheriff's Department, and the City of Winnfield Police Department, to protect against potential retaliation. [Doc. No. 21]. He also sought damages and a restraining order which would end his incarceration at Jackson Parish Correctional Center. [Doc. No. 21]. In his most recent Supplemental Complaint, filed October 6, 2017, Riggs brought new claims against

1

Lt. Kelley, Sgt. Williams, and Captain Stewart and alleged that they entered his cell at Jackson

Parish Correctional Center on September 15, 2017 and used excessive force upon him after he asked

to speak to Warden Ducote about Lt. Kelley's alleged abuse of authority.  He also claimed that he

was denied adequate medical care.  [Doc. No. 22].

## II.  ARGUMENT

The following from Ozmun v. Portfolio Recovery Assocs., LLC, No. A-16-CA-940-SS, 2018

WL 912286, at *2 (W.D. Tex. Feb. 15, 2018), sets out current Fifth Circuit jurisprudence on civil

contempt:

> "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990) (citations omitted); In re Bradley, 588 F.3d 254, 265 (5th Cir. 2009) (noting that "while the criminal contempt power is limited by 18 U.S.C. § 401, civil contempt remains a creature of inherent power"). Civil contempt is intended to "coerce the contemnor into compliance with a court order or to compensate another party for the contemnor's violation...." Id. at 263. However, "in selecting contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed." Spallone, 493 U.S. at 276 (citation and internal quotation marks omitted).
>
> To establish civil contempt, "[a] movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." Whitcraft v. Brown, 570 F.3d 268, 271–72 (5th Cir. 2009). "To determine compliance with an order, the court simply asks whether the respondent has [complied]. If he has not, the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." F.D.I.C. v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1993) (citations omitted).
>
> Ozmun v. Portfolio Recovery Assocs., LLC, No. A-16-CA-940-SS, 2018 WL 912286, at *2 (W.D. Tex. Feb. 15, 2018).

On January 4, 2018 the claims as to all other Defendants, other than Lt. Kelley, Sgt. Williams and Capt. Stewart, were recommended to be dismissed.  Further, it was ordered that service was to be made upon Kelley, Williams and Stewart. [Doc. No. 25].  On February 7, 2018, a Judgment was entered which adopted the January 4, 2018 Report and Recommendation.  [Doc. No. 29].  On February 16, 2018, a Notice of Appeal was filed by Riggs.  The Notice of Intention stated "...Riggs...informs this honorable court of his intention to appeal the judgment rendered in the above cause." [Doc. No. 30].  On February 20, 2018 the Returns of Service on Kelley, Stewart and Williams were filed, with the notation that answers were due March 8, 2018.  [Doc. No. 32].  On February 26, 2018 a Notice of Appeal was issued by the Fifth Circuit.  [Doc. No. 30].  On March 8, 2018 an Answer to the various Complaints was filed on behalf of Kelley, Stewart and Williams. [Doc. No. 38].

Regrettably, a review of the various filings lead to the erroneous conclusion that the district court had been divested of jurisdiction by the Appeal filed by Riggs, which conclusion lead to the failure to calendar the deadlines that typically accompany *pro se* inmate cases.  While the filings of Riggs, directed to the Fifth Circuit, were received and reviewed, no other actions or steps in the prosecution of the Riggs suit occurred.

On July 23, 2018 the Order to Show Cause was received.  Upon receipt of the Order the file was again reviewed and the oversight pointed out in the Order was discovered.  In response to the Order, a Statement of Issues was filed on July 24, 2018.  [Doc. No. 55].  Also on July 24, 2018, in accordance with the Show Cause Order and Memorandum Order, a Notice of Compliance was filed. [Doc. No. 56].

While the error in calendaring led to no discovery being undertaken, there has been no

3

prejudice suffered by Riggs. Further, a review of the docket sheet and Riggs' Fifth Circuit filings shows that he is actively litigating his claims against the dismissed Defendants but that he has taken no step to pursue his claims against Kelley, Williams or Stewart.

The circumstances described above present a relevant defense to the imposition of civil contempt. In addition, the minimum requirements of the Order at issue have been met through the filing of the Statement of Issues and the filing of the Notice of Compliance, with attached documents.

### III.  CONCLUSION

Undersigned counsel has been actively litigating in federal court for approximately thirty years and is not aware of any similar mistake made in any other matter before this district court or Magistrate Judge Hayes. Accordingly, it is submitted that no Defendant be held in contempt for the inadvertent error made in this matter.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9650
ATTORNEYS FOR DEFENDANTS,
LT. KELLEY, SGT. WILLIAMS AND
CAPTAIN STEWART

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2018, I electronically filed the foregoing RESPONSE TO ORDER TO SHOW CAUSE WITH SHOW CAUSE ORDER DOC NO. 54 with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:  None

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants:

Clay Landis Riggs,  PRO SE (#85491)
Bossier Transitional Work Program
181 McCauley Rd.
Plain Dealing, LA 71064

/s/ H. Bradford Calvit
H. BRADFORD CALVIT