UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CLAY LANDIS RIGGS** | * | CIVIL ACTION NO.  17-0473 SECTION P |
| **VERSUS** | * | JUDGE TERRY A. DOUGHTY |
| **CRAWFORD JORDAN, ET AL** | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment, filed by Plaintiff Clay Riggs. [doc. # 60]. The motion is opposed. [doc. # 64]. For reasons set forth below, it is recommended that the motion be DENIED.

### Background

On May 12, 2017, Riggs properly filed a Complaint pursuant to 42 U.S.C. § 1983 against Crawford Jordan, Timmy Ducote, Robert Bannon, Jeremy Underwood, Steven D. Crews, R. Christopher Nevils, Judge Derr, the 8th Judicial District Court, Judge 8th Judicial District Court and the State of Louisiana. [doc. # 6]. On May 24, 2017, he filed an Amended Complaint, adding Justin Keith Gates and Herman Castette as defendants. [doc. # 12]. On September 8, 2017, he filed a second Amended Complaint and requested a restraining order be placed against the Jackson Parish Correctional Center ("JPCC"), Crawford Jordan, and all members of the Winn Parish Sheriffs Department and the City of Winnfield Police Department. [doc. # 21].

On October 6, 2017, Riggs filed a third Amended Complaint, asserting claims against prison officials Kevin Kelly, Garrison Williams, and Michael Stewart ("Defendants"). [doc. #

22]. In his Complaint, Riggs alleges that on September 15, 2017, Defendants entered his bunk at JPCC after he requested to speak with Warden Ducote about Kelly's abusing his authority. (*Id.* at 1). Riggs claims he was standing in his bunk area with both of his hands raised above his head "in a non threat[en]ing manner," when he was approached by Defendants and shot in the eyes with a G9 Mace Gun, "paint ball gun," by Stewart. (*Id.* at 2). He received medical treatment, but alleges that his eyes have still not healed, and he suffers from pain and blurriness. (*Id.*). Riggs claims Defendants maced him in retaliation for filing his prior Complaint. (*Id.* at 1).

On February 7, 2018, all claims against the defendants, except for Riggs' excessive force and retaliation claims against Kelly, Williams, and Stewart, were dismissed with prejudice as frivolous, for failing to state a claim upon which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief. [doc. # 29; *see* doc. # 25].

On August 6, 2018, Riggs filed the instant motion for summary judgment. ("MSJ," [doc. # 60]). He claims Stewart used excessive force when he "just razed [sic] a mase [sic] gun that fires mace at approx 409 miles an hour at point blank range and shoots [sic] me directly in my eyes." (*Id.* at 3-4). Defendants filed a response on August 27, 2018. ("Opp. MSJ," [doc. # 64]). The matter is now ripe.[1]

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] Riggs has failed to include a Statement of Undisputed Facts as required by Local Rule 56.1. Additionally, in his motion, Riggs "demands a trial by jury." (MSJ at 18). However, Riggs has already requested a jury trial in his Complaint and Amended Complaints, and there is no need for him to make this request again.

56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact-finder could render a verdict for the nonmoving party. *Id.*

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). Once the moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (citations and quotations omitted). This burden cannot be satisfied "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.*

In deciding a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The court will resolve factual disputes in favor of the nonmoving party, "but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *McCarty*, 864 F.3d at 358. The court will not assume without proof that the nonmoving party could prove the necessary facts. *Id.* In such a situation, there is no genuine issue as to a material fact and the moving party is "entitled to a judgment as a matter of law" because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily

renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

## Discussion

I.  **Excessive Force**

When prison officials are accused of using excessive force in violation of the Eighth Amendment, the "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). This inquiry takes into consideration (1) "the extent of the injury suffered"; (2) "the need for the application of force"; (3) "the relationship between the need and the amount of force used"; (4) "the threat reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response." *Dawson v. Anderson Cty., Tex.*, 769 F.3d 326, 329 (5th Cir. 2014) (citing *Hudson*, 503 U.S. at 7).

Defendants claim that summary judgment should be denied because "there exist several fundamental disagreements about the facts at issue." (Opp. MSJ at 6). Specifically, Defendants contend that their version of events leading up to the use of force against Riggs is different than Riggs' version of events, and these differences are material because they go to determining whether Defendants violated Riggs' Eighth Amendment rights. (*Id.* at 7-8).

In support of their opposition, Defendants submit an affidavit from each defendant describing the incident. ("Kelly Aff.," [doc. # 64-1]; "Williams Aff.," [doc. # 64-2]; "Stewart Aff.," [doc. # 64-3]). According to Defendants, on September 15, 2017, Kelly and Williams were searching a nonparty inmate in L-Dorm who happened to be Riggs' brother. Riggs approached the officials in an aggressive manner and demanded that they get away from his brother. (Kelly Aff. ¶ 4; Williams Aff. ¶ 4). Kelly then gave Riggs orders to back away and return to his rack.

Riggs refused and instead began to advance on the prison officials in violation of JPCC's rules governing inmate conduct. (Kelly Aff. ¶ 5; Williams Aff. ¶ 5). Kelly then ordered Riggs to begin packing up his things. When Riggs refused to comply, Kelly contacted Stewart. (Kelly Aff. ¶ 6; Williams Aff. ¶ 7). Stewart arrived on the scene and attempted to escort Riggs out of L-Dorm. (Williams Aff. ¶ 8; Stewart Aff. ¶ 4). Riggs also refused Stewart's order to exit the dorm. (Kelly Aff. ¶ 8; Williams Aff. ¶ 9; Stewart Aff. ¶ 5). Stewart then administered "a blast of chemical agent to Riggs' facial region in order to gain compliance." (Kelly Aff. ¶ 9; Williams Aff. ¶ 10; Stewart Aff. ¶ 6). Kelly then placed Riggs in handcuffs, escorted him to the shower area for decontamination, brought him to the infirmary, and then brought him to lock down. (Kelly Aff. ¶ 10; Williams Aff. ¶ 11; Stewart Aff. ¶ 7). Defendants deny that the force used against Riggs was excessive under the circumstances. (Kelly Aff. ¶ 11-12; Williams Aff. ¶ 12-13; Stewart Aff. ¶ 8-9).

Riggs' version of the incident is different. According to Riggs, this incident began when Kelly and Williams saw Riggs "just watching" as they searched another inmate's bunk. Riggs claims Kelly and Williams became angry at Riggs and ordered him back to his bunk, an order with which he complied. (MSJ at 2). After the search, Kelly and Williams ordered Riggs into the "enter lock," which Riggs refused to do for fear of his safety—Riggs claims that Kelly and Williams are known to take inmates to the enter lock, which does not have video cameras, and to beat and mace inmates there for no reason. (*Id.* at 3). Riggs also claims that when Stewart entered the dorm, Riggs raised his hands above his head in a non-threatening fashion and that Stewart never spoke to him, but just shot mace in his eyes. (*Id.* at 3-4).

Upon review of the record, Riggs has not shown that there is no genuine dispute as to any

material fact. Construing the facts in favor of the non-movants, in this case the Defendants, as the court must do on a motion for summary judgment, the court cannot conclude that the use of force was malicious and sadistic. There remains a genuine factual dispute regarding the need for the application of force. Therefore, summary judgment is not proper at this time.

## II. Retaliation

Defendants claim summary judgment is not appropriate with regard to Riggs' retaliation claim because any allegations concerning Defendants' retaliatory motive "are put directly at issue by the affidavits of record, which show the clear existence of issues of material fact." (Opp. MSJ at 9-10). Additionally, Defendants claim that neither Riggs' pleadings nor his current motion "contain specific factual allegations of any of the Defendants' having an intent to retaliate against him which motivated the incident on September 15, 2017." (*Id.* at 9).

Riggs did not address his retaliation claim in his motion, and Defendants only raise it "out of abundance of caution." (*Id.*). The undersigned finds that because the parties have different versions of what led up to the use of force against Riggs, there is a genuine dispute of material fact, and summary judgment is not appropriate.

### Conclusion[2]

For the foregoing reasons,

IT IS RECOMMENDED that Plaintiff's Motion for Summary Judgment [doc. # 60] be DENIED. Fed. R. Civ. P. 56.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have

---

[2] In his motion, Riggs also realleges his denial of corporate existence. (MSJ at 6-18). The court has previously addressed these claims, [*see* docs. # 25, 29], and declines to do so again here.

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 23rd day of October, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE