UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CLAY LANDIS RIGGS | * | CIVIL ACTION NO.  17-0473<br>SECTION P |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| CRAWFORD JORDAN, ET AL | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Before the court are two motions filed by Plaintiff Clay Riggs: (1) a Motion for Judgment by Default, [doc. # 65];[1] and (2) a Motion to Compel, [doc. # 70]. For reasons set forth below, the motions are DENIED.[2]

### Background

On August 6, 2018, Plaintiff Clay Riggs filed a motion for summary judgment against Defendants Kevin Kelly, Garrison Williams, and Michael Stewart ("Defendants"). [doc. # 60]. He submitted an "Affidavit of Denial of Corporate Existence" and a "Demand for Rebuttal" with his motion. [docs. # 60-1, 60-2].

Defendants filed their response to Riggs' motion for summary judgment on August 27,

---

[1] Although titled a "Motion for Affirmative Action," this motion requests the court enter an entry of default against Defendants, and the court will therefore construe it as a Motion for Judgment by Default.

[2] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

2018. [doc. # 64]. On August 31, 2018, Riggs filed a motion for judgment by default, requesting that the court enter a default judgment against Defendants for failing to file a response to his "Demand for Rebuttal." [doc. # 65].

On September 17, 2018, Riggs filed a motion to compel, requesting that the court compel Defendants to provide (1) a "sworn affidavit of truth using their Christian or family name, with proof to the contrary to Plaintiffs [sic] Affidavit of Denial of Corporate Existence"; and (2) the "Social Security number contract created at the Plaintiffs [sic] birth that the defendants and their attorneys presume to exist, to justify the use of force under the color of law, and the color of authority." [doc. # 70 at 1]. Riggs also moves to compel this court to provide a "delegation of authority order certificate," a "valid delegated warrant," and to enter a default judgment if Defendants refuse to answer his Affidavit of Denial of Corporate Existence. (*Id.* at 1-2). On October 9, 2018, Defendants filed a response to Plaintiff's motion. [doc. # 74].

**Discussion**

**I.    Motion for Judgment by Default**

The "Demand for Rebuttal" is included in a form version of the "Affidavit of Corporate Denial," which is used "to remove or destroy the jurisdiction of federal courts and the IRS to enforce any federal law against you." On the form, individuals admit or deny a series of questions to rebut the presumption that they are "U.S. citizens" under federal law. The form is intended to be sent to an agency that is "proceeding unlawfully against" the individual. The form "demand[s] a rebuttal from [the recipient] of the facts and law revealed," and states that a "failure to deny shall constitute an admission to the truth of everything contained herein" under Federal Rule of Civil Procedure 8(b)(6) and the "[f]ailure to timely deny WITH EVIDENCE shall also constitute

a[] . . . default judgment . . . relating to every controversy presented by this affidavit." (*Form # 2.004, Affidavit of Corporate Denial*, SOVEREIGNTY EDUCATION AND DEFENSE MINISTRY, https://sedm.org/Forms/FormIndex.htm).

Plaintiff provides no support for his claim that Defendants are required to respond to his "Demand for Rebuttal." Federal Rule of Civil Procedure 8(b)(6) applies to allegations contained in pleadings, but this form is not a pleading and has no legal bearing.

Further, this court has already dismissed Riggs' claims related to his denial of corporate existence: On February 7, 2018, a Judgment adopting the undersigned's Report and Recommendation was entered, which dismissed Riggs' claims related to his denial of corporate existence on the grounds that such a claim is not proper in this civil rights litigation and should be raised in a petition for habeas corpus instead. [docs. # 25 at 12-13, 29]. Riggs' subsequent appeal was dismissed for want of jurisdiction. [docs. # 33, 66]. This court also dismissed Riggs' prior motion for judgment by default related to his denial of corporate existence, [doc. # 23]. [docs. # 25, 29].

Defendants have no obligation to respond to Riggs' "Demand for Rebuttal," and it is inappropriate for Plaintiff to continue to raise this issue following the court's dismissal of such claims.

Accordingly, Plaintiff's Motion for Judgment by Default is DENIED.

## II.     Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Here, Riggs does not seek discovery of anything that would lead to relevant or admissible evidence. As discussed above, the court has dismissed Riggs' claims related to his denial of corporate existence. The only claims remaining concern Riggs' allegations of excessive force and retaliation by Kelly, Williams, and Stewart. The requests in Riggs' motion relate to his denial of corporate existence, and therefore, are not relevant to the remaining claims in this case.

Accordingly, Plaintiff's Motion to Compel is DENIED.

### Conclusion

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Judgment by Default [doc. # 65] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel [doc. # 70] is DENIED.

In Chambers, at Monroe, Louisiana, this 26th day of October, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE