UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CLAY LANDIS RIGGS** | * | **CIVIL ACTION NO. 17-0473** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **CRAWFORD JORDAN, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the Court is a motion for sanctions filed by defendants Kevin Kelly, Garrison Williams, and Michael Stewart ("Defendants"). [doc. # 83]. The motion is unopposed. For reasons detailed below, it is recommended that the motion be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

### Background

Plaintiff Clay Riggs, proceeding pro se and *in forma pauperis*, is an inmate in the custody of Louisiana's Department of Corrections. He filed the instant lawsuit pursuant to 42 U.S.C. § 1983, alleging that Defendants, prison officials in the facility in which Riggs is housed, used excessive force and retaliated against him. [doc. # 22].

On September 10, 2018, Defendants filed a motion to depose Riggs. [doc. # 67]. The Court granted the motion and ordered Riggs to "answer the questions presented to him during the course of the deposition." [doc. # 68]. The Court also instructed Riggs that "should he fail to answer questions posed to him during the course of his deposition he may be subject to penalties as allowed by law, including the dismissal of his suit." (*Id.*)

Riggs' deposition was scheduled for September 24, 2018. On that day, Riggs appeared for his deposition but refused to answer questions about his criminal history and insisted he was

being held against his will. [doc. # 80-4]. Due to Rigg's lack of cooperation, Defendants filed a motion for sanctions, requesting that the Court order Riggs to pay the costs associated with his deposition and either dismiss his suit or instruct him that his suit will be dismissed if he fails to cooperate in discovery. [doc. # 80-1 at 4].

On January 23, 2019, the Court declined to dismiss Riggs' suit or impose a monetary sanction but admonished him that "his failure to respond to opposing counsel's questions was unacceptable" and ordered that "he shall appear for his deposition at a time and place set forth by Defendants and answer questions fully and to the best of his knowledge. Plaintiff's failure to comply with this Order will result in the Court recommending that his case be dismissed pursuant to Fed. R. Civ. P. 37 and/or 41(b)." [doc. # 82].

On May 15, 2019, Defendants filed the instant motion for sanctions. [doc. # 83]. Defendants claim that following the Court's Order, they attempted to contact Riggs to schedule a new deposition date. [doc. # 83-1 at 1–2]. Their first letter to Plaintiff was unclaimed and returned to sender on March 1, 2019, and their second letter was delivered on March 18, 2019. (*Id.*); [*see* docs. # 83-2–83-3]. Despite receiving the letter, Riggs has not responded to Defendants. [doc. # 83-1 at 2].

Defendants also note that Riggs has failed to file a pretrial memorandum as required by the Court's November 27, 2018 Order, [doc. # 79]. Defendants provided Riggs with the exhibits they intend to introduce at trial, [*see* doc. # 83-4], but Riggs has not reciprocated. [doc. # 83-1 at 2]. "Based on Riggs' blatant refusal to follow this Court's Orders, Defendants seek the final sanction of dismissal, with full prejudice." (*Id.*).

Riggs has not filed a response to Defendants' motion.

2

**Law and Analysis**

Federal Rule of Civil Procedure 37(b) authorizes a court to impose sanctions, including dismissing an action, if a party fails to comply with a court's order to "be sworn or to answer a question" or "provide or permit discovery." Fed. R. Civ. P. 37(b)(1)–(2). Likewise, a court may dismiss an action on defendant's motion if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

"Pro se litigants are not exempt from compliance with the rules of procedure." *Miguez v. Ackal*, No. 6: 16-CV-00213, 2017 WL 2581060, at *3 (W.D. La. May 22, 2017) (quoting *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007)). Thus, even an individual who represents himself must comply with the court's orders or is subject to sanctions. *Id.*

The exercise of the power to dismiss an action is within "the sound discretion of the district courts." *Id.* To the extent that the applicable statute of limitations may bar a plaintiff from refiling his claim, dismissal may be effectively "with prejudice," which is a severe "sanction that deprives the litigant of the opportunity to pursue his claim." *Mitchell v. Davis*, No. CV 18-0439, 2018 WL 6920326, at *1 (W.D. La. Dec. 12, 2018) (citations omitted). Dismissal with prejudice is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)). The Fifth Circuit has affirmed dismissals with prejudice when it has found at least one of the following aggravating factors: (1) the plaintiff caused the delay; (2) actual prejudice to the defendant; or (3) the delay was caused by intentional conduct. *Millan*, 546 F.3d at 326.

Here, the requirements for dismissal with prejudice are satisfied. The record reflects that Riggs has repeatedly ignored the Court's Orders, even after being given several chances to comply. Despite numerous warnings that the failure to comply would result in dismissal, Riggs has simply refused to cooperate in discovery. This flagrant disobedience appears to be intentional rather than mere oversight. Overall, Riggs' actions have hindered Defendants' ability to prepare this matter for trial, causing them substantial prejudice. Further, as a pro se litigant, his contumacious conduct is personally attributable to him. A lesser sanction would not better serve the interests of justice. Thus, dismissal with prejudice under Rules 37(b) and 41(b) is appropriate.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' motion for sanctions [doc. # 83] be **GRANTED** and Plaintiff's suit be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. The District Judge will consider timely objections before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error,**

4

**from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 20th day of June 2019.

                                                    KAREN L. HAYES
                                                    UNITED STATES MAGISTRATE JUDGE